## (September 26, 1956)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE GERALD PHELPS, Appellant.— Judgment of conviction affirmed. All concur, except Kimball, J., who dissents and votes for reversal and for dismissal of the indictment in the following memorandum: The theory of the prosecution seems to have been to take a statement made by the defendant, introduce it in evidence and then proceed to try to convince the jury that the statement was not true. The statement is in no respect a confession of guilt nor is it an admission of facts from which the inference of guilt may properly be drawn. Where the prosecution in a criminal case introduces in evidence a statement by the defendant wholly in his favor and where it has not been discredited, it is regarded as some proof, at least, of the facts stated. (*People* v. *Ledwon*, 153 N. Y. 10, 22.) The recital of what happened to the defendant and to the bag containing

the money is the same as the testimony of the defendant upon the trial. It seems to be the position of the People that the jury should disbelieve what the defendant said in the statement and as a witness upon the trial. The police officers were permitted (without objection, it is true) to give their conclusions and opinions about the matter. The other witnesses who saw the defendant with the truck gave evidence which certainly tended to support the defendant's statement that he was struck on the head. The inferences to be drawn from his statements and actions certainly point to innocence as strongly as to guilt. Even if the jury were justified in taking the position that the statement was a fabrication, such finding on their part would only go to the consciousness of guilt on defendant's part. That, by itself, would be insufficient to convict. The People produced no direct evidence of guilt. What circumstantial evidence there was, does not preclude the inference of innocence to a moral certainty. The court, in its charge, treated the statement as a confession which, of course, it was not. Even if it was, it would be insufficient to warrant a conviction, without the additional proof required by section 395 of the Code of Criminal Procedure. It is my opinion that there is no such additional proof shown by this record and there were numerous errors on the trial and the charge was not what it should have been. Counsel failed to object, take exceptions or make requests. However, there was a motion at the close of the People's case to dismiss for failure of proof. This motion was renewed at the close of all the evidence and denied. I think the motion should have been granted and the indictment dismissed. (Appeal from a judgment of Onondaga County Court convicting defendant of the crime of grand larceny in the second degree.) Present — Vaughan, J. P., Kimball, Wheeler, Williams and Bastow, JJ.